UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| BROOKE AARON MCLAUGHLIN, | ) | |
| | ) | |
| Plaintiff, | ) | No. 7:23-CV-52-REW |
| | ) | |
| v. | ) | |
| | ) | |
| USP BIG SANDY, *et al.*, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Brooke Aaron McLaughlin claims that in December 2022, a fellow inmate told a prison official that a group of inmates planned to attack McLaughlin. *See* DE 1 (Complaint) at 2. According to McLaughlin, prison officials failed to notify him about the threat and did nothing to stop it. *Id.* Two weeks later, in January 2023, three inmates beat, kicked, and stabbed McLaughlin numerous times, causing life-threatening injuries. *Id.* at 2–3. McLaughlin states that after he was hospitalized for his injuries, Special Investigative Services Agent Parr admitted that he had been warned about the possible attack but did not investigate it. *See id.* at 4.

McLaughlin sues Agent Parr, the Bureau of Prisons, and "United States Prison Big Sandy" (the prison where he was confined when he was attacked). *See id.* He asserts civil rights claims pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 91 S. Ct. 1999 (1971) for asserted violations of his "right to be safe, protected from harm" while in BOP custody. *Id.* at 5. He seeks monetary compensation and release from both custody and supervision. *See id.* at 9.

The Court reviews the complaint before proceeding further, both because McLaughlin is a prisoner suing public officials, *see* 28 U.S.C. § 1915A, and because he proceeds *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2). Having done so, the Court will dismiss the complaint.

1

At the outset, McLaughlin acknowledges that he did not exhaust his administrative remedies as required by federal law. *See* DE 1 at 5; *see also* 42 U.S.C. § 1997e(a) (prohibiting prisoners from filing a lawsuit under federal law "until such administrative remedies as are available are exhausted"). McLaughlin states that he waited until he transferred to another prison several months later before filing an inmate grievance, purportedly because he feared reprisal from Parr. *See* DE 1 at 6. That conclusory statement is wholly insufficient—"a prisoner who contends that he failed to exhaust out of fear should also have to 'describe with specificity' the factual basis for his fear." *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 998 (6th Cir. 2004). McLaughlin made no effort to do so in his complaint. The warden also rejected McLaughlin's grievance as untimely. *See* DE 1-1 (Rejection Notice) at 4. McLaughlin could have appealed that rejection but failed to do so. *See* 28 C.F.R. § 542.17(c) (establishing process for appealing rejections). Instead, he simply filed suit in this Court shortly after the rejection. Therefore, McLaughlin failed to exhaust his administrative remedies. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) ("[A]n inmate cannot simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies[.]"). This alone warrants dismissal of the complaint. *Jones v. Bock*, 127 S. Ct. 910, 918–19 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

In any event and alternatively, McLaughlin cannot assert constitutional tort claims against either the Bureau of Prisons or "United States Prison Big Sandy," as the United States and its agencies are entitled to sovereign immunity against such claims. *See Koprowski v. Baker*, 822 F.3d 248, 255 (6th Cir. 2016) (*citing FDIC v. Meyer*, 114 S. Ct. 996, 999–1001 (1994)). Instead, a *Bivens* claim may only be asserted against federal officials in their individual capacities. *See Ctr.*

*for Bio–Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011). For this separate reason, these institutional claims fail.

McLaughlin's claims against Parr are also not cognizable in a *Bivens* action. The United States Supreme Court has consistently (and reinforced recently) refused to recognize a judicially-implied damages remedy under *Bivens* in circumstances other than those previously acknowledged. *See Corr. Servs. Corp. v. Malesko*, 122 S. Ct. 515, 520 (2001). And it has repeatedly rejected efforts to expand the *Bivens* remedy to new contexts, *see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017), emphasizing the primacy of Congress in creating substantive rights and remedies, *see Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022). *See also Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 523 (6th Cir. 2020) ("What started out as a presumption in favor of implied rights of action has become a firm presumption against them.").

The Supreme Court has established a two-step test to determine if *Bivens* provides a remedy for alleged misconduct by federal officials. First, the Court must decide if the plaintiff's claim presents a "new context" for the application of *Bivens* because it is "different in a meaningful way from previous *Bivens* cases decided by [the Supreme Court]." *Ziglar*, 137 S. Ct. at 1859. If it does, the Court must next decide whether any special factors counsel hesitation before extending the *Bivens* remedy to the new context. *See id*. at 1857; *see also Jacob*s *v. Alam*, 915 F.3d 1028, 1036 (6th Cir. 2019). "The question is 'who should decide' whether to provide for a damages remedy, Congress or the courts?" *Ziglar*, 137 S. Ct. at 1857.

In addressing these matters, the Court does not paint upon a blank canvas. The federal courts of appeal have already employed the Supreme Court's analytical framework and consistently determined that *Bivens* provides no remedy for a prison official's asserted failure to protect an inmate from violence at the hands of another prisoner. *See Greene v. United States*, No.

3

21-5398, 2022 WL 13638916, at *4 (6th Cir. Sept. 13, 2022) ("[Defendant's] claim that officers, agents, and employees . . . failed to protect him from the alleged Eighth Amendment violations by not investigating and remedying the abuse that he allegedly experienced also arises in a new context and involves a new category of defendants. Consequently, a *Bivens* remedy is unavailable."); *id.* at 3 (noting that *Bivens* claims "are currently limited to three defined situations" not including Eighth Amendment "failure to protect");  see also *Looper v. Jones*, No. 22-40579, 2023 WL 5814910, at *2 (5th Cir. Sept. 8, 2023) ("Even though *Carlson* created a cause of action for an asthmatic prisoner's Eighth Amendment failure to medicate claim, it did not create a cause of action for a prisoner's Eighth Amendment failure to protect or intervene claim."); *Chambers v. C. Herrera*, 78 F.4th 1100, 1106 (9th Cir. 2023) ("[A] claim premised on a failure to protect . . . is dissimilar to [*Carlson v. Green*, 100 S. Ct. 1468 (1980)]'s failure to provide medical care."); *Bulger v. Hurwitz*, 62 F.4th 127, 140–42 (4th Cir. 2023) (concluding that multiple special factors weighed against creating a new *Bivens* remedy for failure-to-protect claims); *Sargeant v. Barfield*, No. 21-2287, 2023 WL 8224194, at *6-8 (7th Cir. Nov. 28, 2023) (same).

The Court agrees with the analysis in these cases. The Supreme Court has not previously recognized the viability of a failure-to-protect claim under *Bivens*; hence, McLaughlin's claim presents a new context. And numerous special factors—including Congress's choice not to provide a statutory damages remedy when it enacted the Prison Litigation Reform Act and the availability of alternative processes to vindicate constitutional protections—collectively counsel against extending *Bivens*'s range to the claims asserted here. *See Hower v. Damron*, No. 21-5996, 2022 WL 16578864, at *3-4 (6th Cir. Aug. 31, 2022). The Court therefore concludes that the *Bivens* remedy does not extend to McLaughlin's claims against Parr, and for this additional reason, the Court dismisses these claims.

Accordingly, the Court **ORDERS** as follows:

1. The Court **DISMISSES** Plaintiff Brooke Aaron McLaughlin's complaint (DE 1) with prejudice;

2. The Clerk is directed to **STRIKE** this matter from the Court's active docket; and

3. The Court will enter a judgment contemporaneously with this Opinion and Order.

This the 14th day of December, 2023.

Signed By:
Robert E. Wier
United States District Judge